**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KORY RAZAGHI, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> AHMAD RAZAGHI; MANUEL MORGAN; ) <br> MORGAN & RAZAGHI HEALTHCARE, ) <br> LLC; RAZAGHI HEAL TH CARE, LLC; ) <br> RAZAGHI DEVELOPMENT COMPANY, ) <br> LLC; and DOES I through X, ROE ) <br> CORPORATIONS I through X, inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:18-cv-01622-GMN-CWH <br><br> **ORDER** |

Pending before the Court is Plaintiff Kory Razaghi's ("Plaintiff's") Ex Parte Emergency Motion for Temporary Restraining Order and Order to Show Cause, (ECF No. 22).

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing

1  irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose*
2  *Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

   A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

   The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## II. **DISCUSSION**

Preliminarily, the Court finds that Plaintiff fails to provide a reason for the requested ex parte review. Accordingly, the Court orders that Plaintiff's Motion, (ECF No. 22), be unsealed.

Plaintiff seeks a temporary restraining order and preliminary injunction "enjoining Ahmad Razaghi ("Ahmad") and any entity under his control from transferring any funds that they receive pursuant to the termination of the management contract they have with Sage Memorial outside the jurisdictional reach of courts of Nevada and Arizona." (Motion for TRO 4:3–6, ECF No. 22). Plaintiff argues that there is a substantial threat that Ahmad and the entities under his control will dispose of or conceal funds that Plaintiff is entitled to pursuant to a settlement agreement. (*Id.* 12:8–10). Plaintiff claims that "the clear and unambiguous provision of the Settlement Agreement states that Kory was to be paid" specific percentages of a termination payment Ahmad will allegedly receive sometime next week. (*Id.* 2:10–14, 11:12–15). Additionally, Plaintiff states that "[a]ccording to the exhibits attached to Kory's

Declaration in Support of this emergency motion, Sage Memorial has paid Ahmad and/or his controlled entities at least $14,901,999.00 pursuant to the management contract identified in the Settlement Agreement." (*Id.* 11:16–19).

Even without receiving an opposition from Defendants, the Court finds that there is insufficient justification to grant Plaintiff's request. Plaintiff has provided no evidence or explanation for its bare assertion that Ahmad is going to receive money and that those funds will be taken out of the jurisdictional reach of the courts of Nevada and Arizona. The settlement agreement that Plaintiff refers to is not attached, the Court has only been provided with a cover sheet that reads: "Exhibit A Settlement Agreement." (*See* Ex Parte Documents, Ex. A, ECF No. 23-1). Further, the declaration Plaintiff references as being attached has not been provided to the Court.

In light of Plaintiff's unsupported claims, the Court denies Plaintiff's request for a temporary restraining order and preliminary injunction.

### III. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause, (ECF No. 22), is **DENIED**.

**IT IS FURTHER ORDERD** that the Clerk of Court shall unseal Plaintiff's Motion, (ECF No. 22).

**DATED** this 28 day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court