**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KORY RAZAGHI,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　) 　Case No.: 2:18-cv-01622-GMN-CWH
　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) 　**ORDER**
AHMAD RAZAGHI; MANUEL MORGAN;　)
MORGAN & RAZAGHI HEALTHCARE,　　)
LLC; RAZAGHI HEAL TH CARE, LLC;　 )
RAZAGHI DEVELOPMENT COMPANY,　)
LLC; and DOES I through X, ROE　　　　)
CORPORATIONS I through X, inclusive,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)
　　　　　　　　　　　　　　　　　　)

　　　　Pending before the Court is Plaintiff Kory Razaghi's ("Plaintiff's") Motion to Reconsider, (ECF No. 27), the Court's Order denying his motion for a temporary restraining order. Defendant Ahmad R. Razaghi ("Ahmad") and Defendant Razaghi Development Company, LLC (collectively "Defendants") filed a Response, (ECF No. 37), to which Plaintiff filed a Reply, (ECF No. 43).

　　　　Also pending before the Court is Plaintiff's Motion for Leave to File under seal, (ECF No. 28),[1] and Defendants' Motion to Seal, (ECF No. 40).[2]

---

[1] Plaintiff requests that the settlement agreement be filed under seal because the agreement contains "provisions that are protected under a strict confidentiality provision." (Mot. for Leave to File 3:4–5, ECF No. 28). For good cause appearing, the Court **GRANTS** Plaintiff's Motion for Leave to File the settlement agreement under seal, (ECF No. 28).

[2] Defendants move the Court for an order permitting them to file exhibits 1, 2, and 3, (ECF Nos. 39-2, 39-36, 39-4), under seal because they contain "confidential and highly sensitive/proprietary business information." (Mot. to Seal 2:2, ECF No. 40). For good cause appearing, the Court **GRANTS** Defendants' Motion to Seal, (ECF No. 40).

I.  **BACKGROUND**

On September 28, 2018, Plaintiff filed an emergency motion for temporary restraining order and an order to show cause why the Court should not issue a preliminary injunction or an order to show cause why funds to be paid from Sage Memorial to Defendants should not be sequestered. (ECF No. 22). Plaintiff argued in his motion that Ahmad would receive funds from the termination of a management contract between Ahmad and Sage Memorial and that Plaintiff was entitled to those funds pursuant to a settlement agreement. (Motion for TRO 4:3–6, 7:12–8:4, ECF No. 22). Further, Plaintiff argued that Ahmad would transfer the funds outside of the jurisdictional reach of the Court if the relief sought was denied. (*Id.*).

On that same day, the Court denied Plaintiff's motion because there was insufficient justification to grant Plaintiff's request. (*See* Order, ECF No. 24). The Court stated that the settlement agreement and declaration referred to in Plaintiff's motion were not provided to the Court. (*Id.* 3:7–11).

In the instant Motion, Plaintiff requests that the Court clarify and reconsider its prior ruling denying his request for a temporary restraining order and Plaintiff provides the evidence the Court identified as missing. (Mot. to Reconsider 4:20–27, ECF No. 27).

II.  **LEGAL STANDARD**

   **A. Motion to Reconsider**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**B. Temporary Restraining Order**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III. DISCUSSION

In this case, Plaintiff has provided additional evidence including the settlement agreement as a sealed exhibit and has identified Plaintiff's declaration for the Court. (*See* Settlement Agreement, Ex. A to Mot. for Leave to File, ECF No. 28-1); (*see also* Kory Razaghi's Decl. at 1–5, ECF No. 23). As discussed below, the Court finds that this evidence does not warrant reconsideration of the Court's prior Order, (ECF No. 24).

Plaintiff seeks a temporary restraining order "forbidding Ahmad and/or the entities under his control from transferring any of the $4.3 million termination payment outside the jurisdictional reach of the Court" and requests "an order for the Defendants to show cause why a similar preliminary injunction should not issue and why the full termination payment . . . should not be sequestered." (Mot. to Reconsider 13:8–13, ECF No. 27).

Plaintiff must establish that he will likely suffer irreparable harm without the issuance of injunctive relief. *Winter*, 555 U.S. at 21. To carry this burden, Plaintiff must "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Id*. Further, Plaintiff must show that "remedies available at law, such as monetary damages, are inadequate to compensate for th[e] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Typically, monetary harm alone will not support injunctive relief. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057 (9th Cir. 2009); *see Cal. Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) *vacated on other grounds*, 565 U.S. 606, 610 (2012) ("Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award."); *see also Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). For this reason, where, as here, a party is seeking an asset freeze, that party

must carry the additional burden of showing "a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009).

Upon consideration of the settlement agreement and Plaintiff's declaration, the Court finds that Plaintiff has not carried his burden of establishing that Ahmad will likely dissipate the funds or that Plaintiff will be unable to recover monetary damages. Defendants represent that Plaintiff's claim that Defendants will attempt to transfer the amount of the termination payment to a financial account outside of the United States is "untrue" and that "Ahmad does not have any offshore accounts, has no plans to open any offshore accounts, has not travelled outside the United States since 2004, and has no plans to travel outside the United States in the foreseeable future." (Resp. 9:23–10:1, ECF No. 37); (*see* Ahmad Decl. ¶ 12, ECF No. 38).

After reviewing Plaintiff's claims on their merits, the Court finds that Plaintiff has only speculated that he will be injured. Plaintiff has not provided any evidence that Defendants will abscond with the funds, and the mere possibility of the funds being transferred is insufficient to obtain a temporary restraining order or preliminary relief. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.") (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir.1984)). Therefore, Plaintiff has failed to demonstrate he will be likely be irreparably harmed in the absence of preliminary relief and fails the four-part test in *Winter*, 555 U.S. at 20 (2008). Accordingly, Plaintiff's Motion to Reconsider is **DENIED**.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File, (ECF No. 28), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal, (ECF No. 40), is **GRANTED**.

**DATED** this 17 day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court