# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KORY RAZAGHI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAZAGHI DEVELOPMENT COMPANY, LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:18-cv-01622-GMN-CWH<br><br>**ORDER** |

Presently before the court are plaintiff Kory Razaghi's motions to extend time to serve defendant Manuel Morgan and to serve Morgan by publication (ECF Nos. 45, 46), filed on October 17, 2018.[1]

**I.　SERVICE BY PUBLICATION**

Plaintiff moves to serve defendant Morgan by publication. In support of the motion, plaintiff includes his attorney's declaration, as well as a process server's affidavit of due diligence, which describe plaintiff's two attempts to personally serve Morgan as well as due diligence efforts to locate Morgan. The due diligence efforts included searching voting records, various internet databases, the Utah Department of Commerce's records, the Utah Department of Corrections' records, utility records, postal records, and Utah Department of Motor Vehicle's records.

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due

---

[1] The court notes that plaintiff's motions do not comply with Local Rule IC 2-2, which requires all filed documents to be in a searchable PDF format. Counsel is advised to review the court's local rules regarding the form of documents.

diligence, courts examine whether service "efforts were appropriate and reasonably calculated to accomplish service . . . ." *See Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. *Id.* ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

Based on the evidence provided in plaintiff's attorney's declaration and the process server's affidavit, the court finds that plaintiff demonstrated due diligence in attempting to personally serve defendant Morgan on two occasions. The court further finds plaintiff demonstrated due diligence in attempting to locate Morgan through various databases. The court therefore will grant plaintiff's motion to serve by publication under Federal Rule of Civil Procedure 4(e) and Nevada Rule of Civil Procedure 4(e)(1).

## II. EXTENSION OF TIME

Plaintiff also moves for a 60-day extension of time to serve defendant Morgan. Rule 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, given plaintiff's diligent efforts to serve Morgan, the court in its discretion finds that plaintiff has shown good cause to extend the deadline to serve defendant Morgan. The court therefore will grant plaintiff's motion for a 60-day extension.

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Kory Razaghi's Application for Order Directing Service by Publication of Defendant Manuel Morgan (ECF No. 45) is GRANTED.

IT IS FURTHER ORDEREED that plaintiff Kory Razaghi's Motion for Enlargement of Time to Effectuate Service on Defendant Manuel Morgan (ECF No. 46) is GRANTED. Plaintiff's deadline for serving Manuel Morgan is January 2, 2019.

DATED: November 2, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE