**Marquis Aurbach Coffing**
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
jbl@maclaw.com
   Attorneys for Plaintiff Kory Razaghi

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KORY RAZAGHI,<br><br>               Plaintiff,<br><br>vs.<br><br>AHMAD RAZAGHI; MANUEL MORGAN; MORGAN & RAZAGHI HEALTHCARE, LLC; RAZAGHI HEALTHCARE, LLC; RAZAGHI DEVELOPMENT COMPANY, LLC; and DOES I through X, ROE CORPORATIONS I through X, inclusive,<br><br>               Defendants. | Case Number:<br>2:18-cv-01622-GMN-CWH<br><br><br>**STIPULATION AND ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED by and between Plaintiff Kory Razaghi, through his attorney of record, Marquis Aurbach Coffing; and Defendants, Ahmad Razaghi, Razaghi Healthcare, LLC (NV), Razaghi Healthcare, LLC (AZ), and Razaghi Development Company, LLC, through their attorneys of record, Rothstein Donatelli (Pro Hac Vice) and Bailey Kennedy that Plaintiff may have leave to file his Second Amended Complaint, which is attached hereto as **Exhibit 1.**

IT IS FURTHER STIPULATED by the parties that Defendants shall have until January 31, 2019 to provide a responsive pleading to Plaintiff's Second Amended Complaint.

MAC:13437-006 3607759_1 12/21/2018 9:42 AM

Dated this 21st day of December, 2018.

**MARQUIS AURBACH COFFING**

By: /s/ *Jonathan B. Lee*
    Phillip S. Aurbach, Esq.
    Nevada Bar No. 1501
    Jonathan B. Lee, Esq.
    Nevada Bar No. 13524
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Telephone: (702) 382-0711
    paurbach@maclaw.com
    jbl@maclaw.com
    *Attorneys for Kory Razaghi*

Dated this 21st day of December, 2018.

**ROTHSTEIN DONATELLI LLP**

By: /s/ *Richard W. Hughes*
    Richard W. Hughes, Esq.
    New Mexico Bar No. MN 1230
    Donna M. Connolly, Esq.
    New Mexico Bar No. MN 9202
    1215 Paseo de Peralta
    Santa Fe, New Mexico 87501
    Telephone: (505) 988-8004
    *Attorneys for Attorneys for Ahmad Razaghi, Razaghi Healthcare, LLC (NV), Razaghi Healthcare, LLC (AZ), and Razaghi Development Company, LLC*
    *(Pro Hac Vice)*

Dated this 21st day of December, 2018.

**BAILEY KENNEDY**

By: /s/ *Paul C. Williams*
    Dennis L. Kennedy, Esq.
    Nevada Bar No. 1462
    Paul C. Williams, Esq.
    Nevada Bar No. 12524
    8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148
    Telephone: (702) 562-8820
    DKennedy@BaileyKennedy.com
    PWilliams@BaileyKennedy.com
    *Attorneys for Ahmad Razaghi, Razaghi Healthcare, LLC (NV), Razaghi Healthcare, LLC (AZ), and Razaghi Development Company, LLC*

## ORDER

IT IS SO ORDERED
DATED: December 26, 2018

_____
United States Magistrate Judge

# Exhibit 1

# Proposed Second Amended Complaint

**Marquis Aurbach Coffing**
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
jbl@maclaw.com
  Attorneys for Plaintiff Kory Razaghi

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KORY RAZAGHI, <br><br> Plaintiff, <br><br> vs. <br><br> AHMAD RAZAGHI; MANUEL MORGAN; MORGAN & RAZAGHI HEALTHCARE, LLC; RAZAGHI HEALTHCARE, LLC; RAZAGHI DEVELOPMENT COMPANY, LLC; and DOES I through X, ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case Number: <br> 2:18-cv-01622-GMN-CWH <br><br> **SECOND AMENDED COMPLAINT** <br><br> JURY DEMAND |

Plaintiff, Kory Razaghi, ("Kory"), by and through his attorneys Marquis Aurbach Coffing, alleges as follows:

## PARTIES

1. Defendants, Ahmad Razaghi ("Ahmad"); Manuel Morgan ("Manuel"); Morgan & Razaghi Healthcare, LLC ("MR"); Razaghi Development Company, LLC ("RDC"); and Razaghi Healthcare, LLC – AZ ("Razaghi Healthcare AZ") entered into a Settlement Agreement after litigation in Clark County, Nevada.

. . .

. . .

. . .

2. Defendants, Razaghi Healthcare, LLC ("Razaghi Healthcare NV") and a Razaghi Healthcare AZ are entities that were subsequently organized, with Ahmad serving as a member of both limited-liability companies at all times relevant.[1]

3. Defendants, Ahmad, Manuel, MR, RDC, Razaghi Healthcare NV, and Razaghi Healthcare AZ are collectively refered to as "Defendants."

4. The Settlement Agreement provided in Section 5.12 that "any action brought to enforce or challenge the terms or conditions of this AGREEMENT shall be brought in the state or federal courts sitting in Clark County, Nevada, and all PARTIES expressly agree that each PARTY is fully subject to the jurisdiction of such court in any such action."

5. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOES I through X and ROE CORPORATIONS I through X are unknown or not yet confirmed. Upon information and belief, said DOES and ROE CORPORATIONS are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter because district courts have subject matter jurisdiction over claims that are not within the subject matter jurisdiction of the Justice Court pursuant to Article 6, Section 6.1 of the Nevada Constitution and this claim is not within the subject matter jurisdiction of the Justice Court which is limited by NRS 4.370.

---

[1] Defendants claim that the Razaghi Healthcare AZ that was a signatory to the Settlement Agreement was not the Razaghi Healthcare AZ that was served in this Action. Defendants also claim that the Razaghi Healthcare AZ that signed the Settlement Agreement subsequently went inactive. Accordingly, Kory pleads these references to the Razaghi Healthcare AZ in the alternative.

7.  This Court has personal jurisdiction over the Defendants because the Defendants agreed to Nevada as the forum to resolve any disputes, or have otherwise consented to the jurisdiction of this Court.

## BACKGROUND FACTS

8.  Kory and Ahmad formed Attentus, LLC ("Attentus") to engage in the business of healthcare consulting (the "Business").

9.  Attentus was owned by Ahmad and Kory until January 23, 2013.

10. Attentus later joined with Manuel to form M. Morgan & Associates, LLC ("MMA") to engage in the business of healthcare services.

11. MMA's memebers included Manuel, who owned a 51% membership interest in MMA, and Attentus, who owned the remaining 49% membership interest in MMA.

12. In 2007, MMA entered into a contract with Navajo Health Foundation-Sage Memorial Hospital ("Sage") and the "Sage Contract," respectively for development of a new hospital.

13. The Sage Contract was amended in March, 2007, to include hospital management services.

14. The Sage Contract was further amended in March, 2009, so as to, among other things, extend the term of the contract to September 30, 2013.

15. Pursuant to the MMA Operating Agreement and the Attentus Operating Agreement, Kory was entitled to a percent of all bonus money received under the Sage Contract.

16. Disputes arose between the Parties and after litigation was commenced, a Settlement Agreement was signed January 11, 2013.

17. The Settlement Agreement provided that:

   a.  The litigation was to be dismissed in exchange for the promises and payments contained in the Settlement Agreement. ¶ 1.2.

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

  b. Kory was to be paid one-sixth (16.67%) of all management fees. ¶ 1.7.

  c. Kory was to be paid one-sixth (16.67%) of all hospital and other development fees. ¶ 1.7.

  d. Kory was to be paid one-sixth (16.67%) of all Bonus Payments within 10 days of receipt thereof. ¶ 1.9.

  e. All development and management fees were to be administered by third-party administrator, Lonnie Burnham, CPA, of Burnham & Schumm, P.C., 1981 Murray Holladay Rd., Ste. 245, Salt Lake City, UT 84117. ¶ 1.7.

  f. Defendants were to account to Kory for all fees invoiced and received on a quarterly basis, and payments were to be made to Kory monthly. ¶ 1.4.

  g. Defendants were to notify Kory if there was any assignment, extension or renewal of the Sage contract which gave rise to the management fees, development fees and bonus payments. ¶ 1.5.

18. Kory is informed and believes and therefore alleges that Defendants or one of them have received development fees, management fees and bonuses and failed to account to Kory, failed to notify Kory of any transfers, and failed to pay Kory his portion of said development fees, management fees and bonuses.

## FIRST CLAIM FOR RELIEF

### Breach of Settlement Agreement – All Defendants

19. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

20. All conditions precedent to Defendants' obligation to pay development fees, management fees, and bonuses to Kory have been performed or have occurred.

21. If Defendants received such development fees, management fees, and bonuses, and have not paid Kory his portion thereof, Defendants have materially breached their obligations to Kory under the Settlement Agreement.

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

22. Kory has been damaged in a sum in excess of $75,000 as a direct result of Defendants' failure to pay pursuant to the Settlement Agreement.

23. In order to pursue his claims as a direct and proximate result of the Defendants' conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

## SECOND CLAIM FOR RELIEF

**Breach of the Duty of Good Faith and Fair Dealing (Settlement Agreement) – All Defendants**

24. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

25. Defendants had a duty of good faith and fair dealing to:

   a. deposit any funds received with Lonnie Burnham,

   b. to account to Kory for all such funds received, and

   c. to pay Kory his portion of said funds.

26. Defendants have materially breached all of these duties by failing to remit Kory's share of the Sage Contract's distributions and by attempting to rob Kory of the benefit of his bargain in relation to the Settlement Agreement by trying to improper morph the management services outlined in the Sage Contract into the CEO Services Contract.

27. Kory has been damaged in a sum in excess of $75,000 as a direct result of Defendants' failure to perform pursuant to the Settlement Agreement.

28. In order to pursue his claims as a direct and proximate result of the Defendants, conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

. . .

. . .

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

# THIRD CLAIM FOR RELIEF

**Breach of the Attentus Operating Agreement – Ahmad Razaghi**

29. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

30. Pursuant to the MMA Operating Agreement and the Attentus Operating Agreement, Kory was entitled to receive a portion of all development fees, management fees, and bonuses paid pursuant to the Sage Contract.

31. All conditions precedent to Defendants' obligation to pay development fees, management fees, and bonuses to Kory have been performed or have occurred.

32. Ahmad (and/or the entities under his control) received a $1.8 million bonus pursuant to the Sage Contract in August 2012, and did not pay Kory his portion thereof.

33. As such, Ahmad has materially breached his obligations to Kory under the Attentus Operating Agreement – as Kory was to a percentage of all management fees plus entitled any excess funds that were paid out pursuant to the Sage Contract.

34. The bonus payment of $1.8 million qualifies as excess funds that were paid out by Sage Memorial pursuant to the Sage Contract.

35. Significantly, in a case that was filed in the United States District Court for the District of New Mexico, styled as Case No. 1:14-cv-00958-JB-GBW (hereinafter "the New Mexico Case"), it was disputed whether Sage Memorial paid this $1.8 million bonus to Ahmad in his personal capacity or whether the bonus was paid to Razaghi Healthcare.

36. In a court order in the New Mexico Case, the federal district court made factual findings that this $1.8 million bonus was paid to Razaghi Healthcare.

37. In the New Mexico Case, Ahmad also admitted that the $1.8 million bonus was not paid to him in his personal capacity, but paid to Razaghi Healthcare.

38. At the time that the parties were negotiating the Settlement Agreement, Ahmad failed to disclose that he and/or his entities had received the bonus of $1.8 million.

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

39. Ultimately, Kory has been damaged in a sum in excess of $75,000 as a direct result of Defendants' failure to pay to remit Kory's portion of the $1.8 million bonus.

40. In order to pursue his claims as a direct and proximate result of the Defendants' conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

## FOURTH CLAIM FOR RELIEF

**Breach of the Duty of Good Faith and Fair Dealing (Attentus Operating Agreement) – Ahmad Razaghi**

41. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

42. Ahmad owed a duty of good faith and fair dealing to Kory arising out of his obligation to pay Kory his portion of any proceeds obtained pursuant to the Sage Contract.

43. Ahmad breached his duty of good faith and fair dealing by failing to pay Kory what he was owed under the operating agreements and by concealing the bonus payment that was received from Sage Memorial in August 2012.

44. Kory has been damaged in a sum in excess of $75,000 as a direct result of Defendants' failure to pay pursuant to the Settlement Agreement.

45. In order to pursue his claims as a direct and proximate result of the Defendants' conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

## FIFTH CLAIM FOR RELIEF

**Breach of Fiduciary Duty – Ahmad Razaghi**

46. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

47. Ahmad had a fiduciary relationship with Kory predicated on trust and confidence, stemming from the Attentus Operating Agreement.

48. Ahmad breached his fiduciary duty owed to Kory by willfully refusing to pay Kory his share of the $1.8 million bonus that was received from Sage Memorial in August 2012.

49. Ahmad further breached his fiduciary duty to Kory by concealing the $1.8 million bonus when the parties were negotiating the Settlement Agreement.

50. Ahmad's actions were characterized by fraud, oppression, or malice, express or implied, which justifies an award of punitive damages.

51. In order to pursue his claims as a direct and proximate result of the Ahmad's conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

### SIXTH CLAIM FOR RELIEF

**Accounting – All Defendants**

52. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

53. Ahmad and his agents, some or all of whom are named herein, have maintained and retained all of the corporate and business books, records, and documents relating to the events described herein without providing access to Kory and without providing a full and complete general ledger, accounting, reconciliation and/or audit to Kory.

54. Furthermore, Defendants owed certain duties to Kory pursuant to the Settlement Agreement and Attentus Operating Agreement, including but not limited to, the highest obligation of good faith, fair dealing, loyalty, and due care.

55. One of the duties Defendants owed to Kory was to deposit all development and management fees paid by Sage Memorial for services rendered under the terms of the

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

Sage Contract into a bank account that was to be administered by third party administrator Lonnie Burnham.

56. Kory is entitled to a full and complete accounting regarding all payments made by Sage Memorial to Defendants pursuant to the Management and Development contracts they executed with by Sage Memorial.

57. In order to pursue his claims as a direct and proximate result of the Defendants' conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

## SEVENTH CLAIM FOR RELIEF

**Tortious Interference with Contractual Relations – Razaghi Healthcare AZ and Razaghi Healthcare NV**

58. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

59. Kory, Ahmad, Manuel, Razaghi Healthcare AZ, MR, and RDC entered the Settlement Agreement, which is a valid and existing contract.

60. Razaghi Healthcare AZ and Razaghi Healthcare NV both had knowledge that Kory, Ahmad, Manuel, Razaghi Healthcare AZ,[2] MR, and RDC had entered the Settlement Agreement – as Ahmad was the sole managing member of Razaghi Healthcare AZ and Razaghi Healthcare NV at all times relevant.

61. Razaghi Healthcare NV and Razaghi Healthcare AZ engaged in intentional acts designed to disrupt the contractual relationship between the signatories of the Settlement Agreement.

62. The aforementioned acts actually cause a disruption with respect to Kory receiving payments due under the Settlement Agreement.

---

[2] *See* footnote no. 1.

63. Kory has been damaged in a sum in excess of $75,000 as a direct result of Razaghi Healthcare AZ and Razaghi Healthcare NV's conduct.

64. The conduct by Razaghi Healthcare AZ and Razaghi Healthcare NV, as described herein, was malicious and oppressive under NRS 42.005. Therefore, Kory is entitled to an award of punitive damages.

65. In order to pursue his claims as a direct and proximate result of the Razaghi Healthcare AZ and Razaghi Healthcare NV's conduct outlined herein, Kory has incurred attorneys' fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

## EIGHTH CLAIM FOR RELIEF

### Civil Conspiracy – All Defendants

66. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

67. That the Defendants combined, conspired together, and agreed that they would harm and damage Kory by their tortious conduct against him.

68. Defendants intended to accomplish harm to Kory by their tortious conduct against him.

69. Defendants willfully and wrongfully robbed Kory of the benefit of his bargain in relationship to the Settlement Agreement that he entered with some of the Defendants in January 2013.

70. As a result of the Defendants' civil conspiracy, Kory has been damaged in an amount in excess of $75,000.

71. Defendants' conduct, as described herein, was malicious and oppressive under NRS 42.005. Therefore, Kory is entitled to an award of punitive damages.

72. In order to pursue his claims as a direct and proximate result of the Defendants' conduct outlined herein, Kory has incurred attorneys' fees as special damages

MAC:13437-006 Second Amended Complaint 12/21/2018 9:34 AM

in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any.

### NINTH CLAIM FOR RELIEF
### Alter Ego – Ahmad Razaghi

73. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

74. All business entity Defendants were influenced and governed by Ahmad, as their alter ego, to the extent that the fiction of a separate entity would promote injustice. The business entities all held a unity of interest and ownership and were directed at the will of Ahmad to such an extent that the corporate and/or other business forms used should be disregarded by the Court.

### TENTH CLAIM FOR RELIEF
### Successor Liability – All Defendants

75. Kory repeats and re-alleges the above paragraphs as though fully stated herein.

76. All business entity Defendants share the same uniformity of officers, directors, ownership and interests to such an extent that the Court should disregard the fiction of the separate business formation and consider all business Defendants as a single business enterprise.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kory, prays for the following relief against Defendants:

1. For a judgment in a sum in excess of $75,000 against Defendants;
2. For attorney's fees as special damages in the sum of $75,000 as of the date of this pleading and increasing up to and through trial and appeal, if any;
3. For pre-judgment and post-judgment interest at the legal rate;
4. For an award of punitive damages; and
5. For any further relief as the Court deems to be just and proper.

Dated this ___ day of December, 2018.

MARQUIS AURBACH COFFING

By: _____
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff Kory Razaghi

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **SECOND AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the ____ day of December, 2018.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

_____
An employee of Marquis Aurbach Coffing