UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KORY RAZAGHI, et al,<br>　　Plaintiff(s),<br>v.<br>AHMAD RAZAGHI, et al,<br>　　Defendant(s). | Case No. 2:18-cv-01622-GMN-NJK<br>**ORDER**<br>[Docket No. 186] |

Pending before the Court is the parties' stipulation to extend the dispositive motion deadline. Docket No. 186. For the reasons discussed more fully below, the stipulation to extend is **DENIED** without prejudice.

**I.　　BACKGROUND**

Plaintiffs filed this case in state court in June of 2018. Docket No. 1-2 at 2. Defendants removed the case to this Court on August 28, 2018. Docket No. 1. The parties filed an initial discovery plan on October 4, 2018, which was approved by the Court. Docket Nos. 33, 34. This Court subsequently stayed discovery and vacated the scheduling order deadlines pending resolution of motions to dismiss. *See* Docket Nos. 96, 116. On September 30, 2021, concurrently with the resolution of the motions to dismiss, the parties were ordered to file a new joint proposed discovery plan. Docket No. 168 at 20. On October 19, 2021, the Court entered a new scheduling order. Docket No. 171. Since the entry of the first order, the parties have made five requests, including the current request, to extend deadlines. Docket Nos. 170, 176, 181, 184, 186. In its order granting the parties' previous extension request, the Court indicated that no further extensions would be granted. Docket No. 185 at 8.

## II. STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of litigation, including in issuing and enforcing scheduling orders." *Williams v. James River Grp., Inc.*, __ F.Supp.3d __, 2022 WL 4181415, *2 (D. Nev. 2022) (internal citations omitted). Federal Rule of Civil Procedure 16(b)(4) allows courts to modify scheduling orders upon a showing of good cause. In evaluating good cause, a court considers whether the subject deadline could not reasonably have been met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing. The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams*, 2022 WL 4181415, *3 (internal citations omitted). If diligence is not established, the Court's inquiry ends. *Johnson*, 975 F.2d at 609 (internal citation omitted).

## III. ANALYSIS

The parties seek to extend the dispositive motion and the pretrial order deadlines because they plan to conduct two depositions after the discovery deadline expires. Docket No. 186 at 1-2. Despite their plan to conduct depositions after the discovery deadline expires and reserving the right to follow up on any new information learned at those depositions, *id.* at 2, n.2, the parties submit that the instant stipulation "does not request an extension of the discovery cutoff." *Id.* at 3. A court's efforts to manage its docket and efficiently resolve cases will only be successful if "deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). When evaluating stipulations to modify deadlines, a court is actually evaluating whether to modify its own order and need not rely on the promptings of the parties. *Williams*, 2022 WL 8141415, *3 (internal citations omitted). Consequently, the Court evaluates the instant stipulation as a request to extend the discovery deadline.

In its order granting the previous stipulation to extend deadlines, the Court warned the parties that no further extensions would be granted. Docket No. 185 at 8. The parties now submit two justifications for why the Court should disregard its prior warning. The first argument, that deposing third-party witness Navajo Health Foundation Sage Memorial Hospital requires

extensive travel by the parties' attorneys, echoes one of the parties' justifications for the previous extension request. *Compare* Docket No. 184 at 7 *with* Docket No. 186 at 2. Additionally, the parties submit they scheduled Plaintiff's deposition, but that Plaintiff "is now required to prepare for and participate in a government facility inspection" during that time. Docket No. 186 at 2. This case has been pending since 2018, and the parties have been aware of the renewed need to diligently conduct discovery since September 2021. *See* Docket No. 168 at 20. The parties' submissions do not address their diligence "throughout the entire period of time already allowed." *Williams*, 2022 WL 4181415, *3 (internal citations omitted). Since the parties have not shown diligence, the Court ends its inquiry. *Johnson*, 975 F.2d at 609 (internal citation omitted).

## IV. CONCLUSION

For the reasons more fully discussed above, the parties' stipulation to extend deadlines is **DENIED** without prejudice. Any renewed request to extend must address the relevant case law and standards. The parties are cautioned that they must comply with all existing court-ordered deadlines.

IT IS SO ORDERED.

Dated: September 19, 2022

_____
Nancy J. Koppe
United States Magistrate Judge