# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| KORY RAZAGHI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 2:18-cv-01622-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| RAZAGHI DEVELOPMENT COMPANY, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Pending before the Court are Plaintiffs' Motion to Seal, (ECF No. 209), and Defendants' Motion to Seal, (ECF No. 203).  Both parties seek to seal the settlement agreement, and Plaintiffs additionally seek to seal certain banking records as well as their entire Response, (ECF No. 211), to the Motion for Summary Judgment.

The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  When a party requests to seal a document in connection with a motion for summary judgment, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016); *Kennedy v. Watts*, No. 3:17-cv-0468, 2019 WL 7194563, at *2 (D. Nev. Dec. 23, 2019) (applying compelling reasons standard to sealing request made in connection with motion for summary judgment).

Here, compelling reasons exist to seal the confidential settlement agreement, especially because not all parties to the agreement are involved in this lawsuit.  Additionally, compelling reasons exist to seal the banking records, which include bank account numbers and financial transactions.

But Plaintiffs' request to seal their entire Response is overly broad.  Plaintiffs argue that their Response contains quotations and information taken verbatim from the sealed exhibits, but do not explain why redaction is not possible.  The Court finds that Plaintiffs can simply redact the quotations and information taken verbatim from the sealed exhibits.  The Court will not seal the Response in its entirety.  Plaintiffs may file by October 5, 2023, a redacted version of the Response.  If Plaintiffs fail to file a redacted version of the Response by October 5, 2023, the Court will order the Response unsealed.

**IT IS HEREBY ORDERED** that Defendants' Motion to Seal, (ECF No. 203), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal, (ECF No. 209), is **GRANTED in part and DENIED in part**.  Plaintiffs' Exhibits 34, 35, 36, 37, 38, 49, 40, and 41 shall remain under seal.  Plaintiffs shall have until October 5, 2023, to file a redacted version of the Response, (ECF No. 211).

**DATED** this __28__ day of September, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court