UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KORY RAZAGHI, an individual;; ATTENTUS LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> AHMAD RAZAGHI, an individual; MANUEL MORGAN, an individual; and RAZAGHI DEVELOPMENT COMPANY, LLC, an Arizona limited liability company, <br><br> Defendants. | Case No. 2:18-cv-01622-EJY <br><br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion to Seal Exhibits to Plaintiffs' Motion in Limine No. 1. ECF No. 262. After review of the Motion and the documents sought to be sealed the Court ordered supplemental briefing because it was unclear why the documents could not be filed unredacted under seal and redacted on the public record. ECF No. 291. The parties' supplemental briefing did not respond to this issue, and Plaintiffs seem to believe there is a binary choice between filing under seal and filing redacted on the publicly available docket. Of course, what is clear under the law is that documents with appropriately redacted information will be filed unredacted under seal, while the same document will be filed in their redacted form on the docket available to the public. Defendants, in turn, say only that financial information is generally filed under seal or redacted and, if the Court will allow, Defendants will file the currently sealed documents in a redacted form.

The Ninth Circuit holds there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire

documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir.2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, **9–10 (D. Nev. May 14, 2013) (discussing redaction requirement).

Based on the foregoing, IT IS HEREBY ORDERED that the Motion to Seal Exhibits to Plaintiffs' Motion in Limine No. 1 (ECF No. 262) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the documents identified in ECF No. 262 as filed under seal are and shall remain sealed.

IT IS FURTHER ORDERED that Plaintiffs must file the same documents in redacted form no later than **October 18, 2024.**

Dated this 7th day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2