UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KORY RAZAGHI, an individual, and ATTENTUS LLC, a Nevada Limited-Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>AHMAD RAZAGHI, et al.,<br><br>Defendants. | Case No. 2:18-cv-01622-EJY<br><br>**ORDER** |

Pending before the Court are Defendants' Motion in Limine No. 8: To Exclude Plaintiffs' Summaries of Services Provided to Sage (ECF No. 289) and Plaintiffs' Motion in Limine seeking to admit these same summaries (ECF Nos. 264 at 30).

**I.   Background**

The underlying facts of this case are well known to the parties and are not repeated here except as relevant to the instant Motion.

Plaintiffs submit that Defendants breached the implied covenant of good faith and fair dealing by "contravene[ing] the intention and spirit" of a settlement agreement from prior litigation. ECF No. 153 at ¶ 83. Specifically, Plaintiffs allege Defendants "morph[ed]" services performed under a contract between M. Morgan & Associates ("MMA") and Sage Memorial Hospital ("Sage") (the "MMA Contract") into those performed under a contract for CEO services between Sage and Defendant Razaghi Development Company, LLC ("RDC") (the "CEO Services Contract"). *Id.* To support this argument, as well as to establish the measure of damages resulting from the breach, Plaintiffs ask the Court to find charts summarizing and comparing thousands of pages of invoices submitted to Sage under the MMA and CEO contracts as admissible exhibits. ECF No. 269-1 (Pl. Exs. 272-73). Defendants move to exclude these exhibits arguing they were untimely disclosed, they are improper summaries under Federal Rule of Evidence ("FRE") 1006, and their probative value is substantially outweighed by their prejudicial effect under FRE 403. EFC Nos. 289 at 19-

23; 309 at 27-30. Because the Court finds FRE 1006 provides the appropriate grounds to exclude the exhibits as currently offered, it does not discuss Defendants' other arguments at length; however, the Court finds the exhibits are not untimely (*see* ECF No. 307 at 10-12) and, in the revised form ordered herein they are not barred by FRE 403.

## II.     The Parties' Arguments

The proffered exhibits consist of two charts.  Exhibit 272 is labeled "Management Service Comparison MMA vs RH" and consists of three columns including: "Service," "MMA Services," and "RH Services." ECF No. 269-1 at 5-9. The latter two columns contain various job titles, with most job titles in the MMA column aligned with a job title appearing in the RH column. *Id.* Exhibit 273 includes the same information, but with two additional columns containing citations to Bates numbers for the corresponding documents in the MMA and RH columns. *Id.* at 11-39. Plaintiffs argue these charts summarize the contents of thousands of pages of invoices for services provided to Sage under each contract. ECF Nos. 264 at 30; 307 at 2. Plaintiffs contend such summaries are admissible under FRE 1006 because the voluminous nature of the individual invoices renders their examination at trial inconvenient. ECF Nos. 264 at 30; 307 at 7-8.

Defendants argue, *inter alia*, that the charts summarize not only the contents of the underlying invoices, but also Plaintiffs' opinions about the contents. ECF Nos. 289 at 20; 309 at 28-29. Defendants note that the categories listed under the "Services" column do not appear as presented and by organizing the job titles in this manner, Plaintiffs attempt to establish the similarity of services performed without offering a factual predicate. ECF Nos. 289 at 19; 309 at 29. Defendants assert that this is improper use of demonstrative, summary evidence under FRE 1006, citing to *United States v. Wainright*, 351 F.3d 816, 821 (8th Cir. 2003) and *United States v. Eldridge*, Case No. 03-50148, 2004 WL 1836103 (9th Cir. Aug 13, 2004). The Court notes that in their Opposition to Plaintiffs' first Motion in Limine, Defendants also challenge the admissibility of the underlying invoices themselves. ECF No. 309 at 21-25. Defendants assert Plaintiffs will be unable to offer testimony as to the meaning of the invoices, that the invoices produced by Sage have not been authenticated, and that the invoices constitute inadmissible hearsay. *Id.*

In the Opposition to Defendants' Motion seeking to exclude the charts, Plaintiffs contend the charts consist "entirely of verifiably accurate verbatim recitations of words that appear on the summarized documents." ECF No. 307 at 9. At the same time, Plaintiffs acknowledge that Kory Razaghi used "his own knowledge of the inner workings of Sage, MMA, and Ahmad himself ... to identify the portions of the invoices that are indicative of what services were being billed for" while asserting this is within the confines of admissible lay opinion. *Id.* Plaintiffs further argue that any perceived inaccuracy within the charts should go to weight rather than admissibility. *Id*. at 8-9 (citing *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999)).

### III. Discussion

Rule 1006 of the Federal Rules of Evidence states: "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. The Rule is designed to offer "the only practicable means of making their contents available to judge and jury." Fed. R. Evid. 1006, Advisory Committee's note to proposed rules (1972). However, FRE 1006 "is limited to summaries which prove the content of the underlying documents," and does not permit evidence that "contain[s] information not provided by the underlying documents, including interpretations of the information[.]" *Allison v. Dolich*, Case No. 3:14-cv-1005-AC, 2018 WL 834919 (D. Or. Feb. 12, 2018) (citing *S.E.C. v. Amazon Nat. Treasures, Inc.*, 132 Fed.Appx. 701, 703 (9th Cir. 2005)). The proponent of a summary exhibit must also establish that the underlying materials on which the summary is based are admissible. *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996).

A.  <u>Admissibility of the Underlying Invoices</u>.

Beginning with Defendants' challenges to the underlying invoices themselves, the issue of testimony regarding the invoices was addressed in the Court's most recent Summary Judgment Order. ECF No. 230 at 17 ("A jury does not need an expert witness or even a lay witness to explain the meaning of the invoices."). The Court finds no reason to revisit this issue here.

As is explained in greater detail in a separate Order, invoices, without attachments or handwritten notations are admissible; provided, however, Defendants retain the ability to challenge the foundation laid for these exhibits at trial. The Court further finds that invoices with attachments

3

or handwritten notes have not been established as admissible under FRE 803(6) and 902(11). Plaintiffs will be permitted to offer foundational evidence leading to potential admissibility, which Defendants will be free to challenge. The discussion that follows regarding the charts is conditioned on the reformatting and foundational testimony necessary to establish admissibility.

B. <u>FRE 1006—The Summary Charts Must be Redone</u>.

The question before the Court is to what extent Plaintiffs' charts represent Kory Razaghi's interpretation rather than an objective summary of admissible invoices. The Court begins by noting that Plaintiffs' reliance on *Scholl* is misplaced. The portion of that decision cited by Plaintiffs relates to inaccuracies in business records and other such documents. *Scholl*, 166 F.3d at 978 ("[A] party need not prove that business records are accurate before they are admitted."). This is certainly true when individual records are submitted into evidence directly, but when a summary is offered in lieu of the records themselves, the summary must accurately reflect those underlying records to be admissible under FRE 1006. *United States v. Drougas*, 748 F.2d 8, 25 (1st Cir. 1984) ("Charts and summaries are, for instance, inadmissible if they contain information not present in the original. … Care must be taken to insure that summaries accurately reflect the contents of the underlying documents") (citing *Standard Oil of California v. Moore*, 251 F.2d 188, 233 (9th Cir. 1957).

The District of Oregan's recent decision in *Nw. Env't Advocs. v. United States EPA* is instructive. Case No. 3:21-cv-01136-HZ, 2024 WL 3888695 (D. Or. Aug. 20, 2024). This case involved a challenge to EPA's approval of Total Maximum Daily Loads ("TMDLs") of various pollutants submitted by the State of Oregon. Plaintiff offered charts under FRE 1006 summarizing both the TMDLs and lists of imperiled waters. Plaintiff argued the charts were admissible because "each of those exhibits present[ed], in a convenient graphical form, data and information found in the administrative record or other publicly available and admissible agency documents pertaining to Oregon's TMDL program." *Id.* at *23. The court held that "Plaintiff's demonstrative exhibits should not be considered part of the administrative record. ... They are not merely summaries of information contained in the record. They represent Plaintiff's interpretation of the evidence and are thus part of Plaintiff's argument on the merits." *Id.*

This decision is consistent with the holdings of other Circuits. In *Drougas*, the First Circuit noted that summaries offered under Rule 1006 must not "function as pedagogical devices that unfairly emphasize part of the proponent's proof or create the impression that disputed facts have been conclusively established or that inferences have been directly proved." 748 F.2d at 25. In that case, the trial court excluded charts summarizing phone traffic between various businesses and residences noting that the charts "contained argumentative inferences intermingled with direct evidence." *Id.* at 26. Though the charts were eventually admitted, this was only after they had been modified to remove such inferences. *Id. See also United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013) ("Because a Rule 1006 exhibit is supposed to substitute for the voluminous documents themselves ... [i]t must not misrepresent their contents *or make arguments about the inferences the jury should draw from them*.") (emphasis added).

Plaintiffs' charts, like those in *Drougas*, create an inference that disputed facts are conclusively established. 748 F.2d at 25. By placing line items appearing in MMA Contract invoices next to (and directly aligned with) line items appearing in CEO Services Contract invoices, Plaintiffs create the inference of equivalence between the aligned items. However, the invoices themselves do not include any comparison between the services performed under the separate contracts; instead, the invoices simply list individual services, job titles, and expenses for specified time periods. *See, e.g.*, ECF No. 267-1.[1]

In addition, the charts sort various line item entries into categories of services such as "quality risk management," "diabetes," and "facilities department." Pl. Ex. 273 at 10, 14, 26. Grouping services performed under the separate contracts within the same categories again implies substantial similarity that is not stated in the underlying invoices. The Court's review of the invoices submitted by Plaintiffs did not yield this information as readily apparent. In fact, Plaintiff Kory Razaghi states he used his own knowledge to identify which services were being billed in the invoices. ECF No. 264 at 33. However, if the identified services in the charts are based on his personal knowledge rather than accurate reflections of the invoices they are not valid summary evidence. *Allison*, 2018

---

[1] The Court notes that a significant number of the individual invoices purported to be summarized by Plaintiffs' Exhibits 272 and 273 do not appear to be included anywhere in the docket. For purposes of this Order, the Court treats the invoices available as representative of those summarized.

WL 834919 at *11 (a summary of payroll records that categorized employees as servers or bartenders was inadmissible under Rule 1006 because "an employee's status as a server or bartender [was] not listed on Defendants' payroll records," and thus the chart merely "depict[ed] Plaintiffs' characterization").

The Court recognizes that modifications made by Plaintiffs are relatively minor and in the context of other cases could amount to little more than innocuous formatting choices. Here, however, a central tenet of this case is to what extent, if any, services performed under the amended CEO Services Contract are substantially similar to those that were performed under the MMA Contract. Plaintiffs bear the burden of establishing such similarity and they may not meet this burden by proffering charts that assume it has already been met. *Universal Furniture Int'l, Inc. v. Collezione Europa, USA, Inc.*, 599 F. Supp. 2d 648, 656 (M.D.N.C. 2009) (an exhibit is inadmissible as a summary under Rule 1006 when "it creates a mistaken impression that a foundation has been laid" for a plaintiff's preferred calculation of damages).

**IV.    Conclusion**

For the reasons stated above, the Court grants Defendants' Motion excluding Plaintiffs' Exhibit 272 and 273 as they are currently presented. The Court finds, given the voluminous nature of the invoices, Plaintiffs may create separate charts—one for each contract—with the potential future introduction at trial of these charts side-by-side for comparison after laying a proper foundation for testimony that would support such a comparison. In addition, while revised charts may summarize the invoices into separate categories, they may only do so when such categories are used in the underlying invoices themselves. Plaintiffs may not create their own categories to further their argument that certain services were substantially similar. Plaintiffs may offer lay testimony as to substantial similarity if a proper foundation is laid.

**V.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion in Limine to Exclude Plaintiffs' Summaries of Services Provided to Sage (ECF No. 289) is GRANTED to the extent that Plaintiffs' exhibits 272 and 273 may not be introduced in their current form.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine No. 1 at 30-34 (seeking admission of exhibits 272 and 273) is DENIED to the extent that these exhibits may not be introduced in their current form.

IT IS FURTHER ORDERED that if Plaintiffs chose to introduce revised versions of the charts at exhibits 272 and 273 at trial, Plaintiffs must produce copies of those exhibits to Defendants no later than **October 24, 2024**, with copies filed on the docket on the same day. The revision and production of the charts is not a guarantee of ultimate admissibility.

Dated this 10th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE