UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KORY RAZAGHI, an individual, and
ATTENTUS LLC, a Nevada Limited-
Liability Company

   Plaintiffs,

 v.

AHMAD RAZAGHI, et al.,

   Defendants.

Case No. 2:18-cv-01622-EJY

**ORDER**

The Court has before it Defendants' Motion in Limine No. 6 seeking to preclude evidence and testimony regarding the Sage Litigation.  ECF No. 286.  The Motion is granted in part and denied in part.

## I. The Parties' Arguments

In their Motion Defendants state that current allegations made by the Navajo Health Foundation-Sage Memorial Hospital ("Sage") against Ahmad Razaghi (and others) "does not concern" the issues in this case regarding an alleged breach of good faith and fair dealing as it applies to the "settlement agreement between ... or the bonus payment" underlying that breach.  ECF No. 286 at 3.  *See also id*. at 14-19.  Defendants argue the introduction of allegations made will be "unfairly prejudicial" and confusing to the jury.  *Id*.  Defendants further object to the admissibility of the Sage lawsuit under FRE 404(b) stating that "the unproven allegations," even if true, "do not demonstrate … Defendants had a propensity to breach the Settlement Agreement … or that Ahmad [Razaghi] somehow … wrongfully diverted the Bonus Payment" that would have reached Plaintiffs. *Id*. at 17.  To this end, Defendants argue the acts alleged in the litigation brought by Sage are not similar "to the claims in this matter," and even if they breached obligations to Sage this would not demonstrate they "have a propensity to breach their obligations under the Settlement Agreement." *Id*. at 18.  Defendants conclude that the allegations made by Sage are unproven, are ones on which

1   Defendants will prevail, and any probative value that may arise from the litigation brought by Sage
2   is outweighed by the prejudice.  *Id*. at 18-19.

3          Plaintiffs responds that allegations raised in the lawsuit filed by Sage "directly implicate the
4   credibility and bias of several witnesses for Defendants."  ECF No. 305 at 2.  Plaintiffs explain that
5   Ahmad Razaghi and two other witnesses "have admitted certain allegations[] and signed
6   verifications of interrogatory responses" that undermine the claim of unfair prejudice arising from
7   alleged unproven allegations.  *Id*.  Plaintiffs also contend allegations made by Sage in its lawsuit are
8   relevant to "the character of services … Defendants provided to Sage, which is a material issue in
9   this case."  *Id*.  Plaintiffs point out that such evidence may be used to impeach witnesses (including
10  Defendants) and Defendants' blanket request does not account for the potential that they may open
11  the door to issues and facts appearing in the Sage lawsuit.  *Id*.

12         Plaintiffs further argue that precluding "any mention of testimony or documents related to
13  the lawsuit" is overbroad even though "the inherent potential for prejudice to the Defendants" if the
14  jury is informed that a lawsuit was filed against them when allegations are unproven.  *Id*. at 7.
15  Plaintiffs point to a few specific alleged facts ("unfettered control" over the Sage Board "and …
16  [Ahmad Razaghis's] proclivity for abusing that power to rewrite history") as demonstrating "the
17  strikingly similar conduct" to what Plaintiffs have alleged.  *Id*. at 8.  Plaintiffs conclude that the Sage
18  lawsuit is therefore probative of facts at issue in the instant case.  *Id*.

19         Plaintiffs also discuss witnesses named in the Sage lawsuit that are identified as witnesses in
20  this matter contending "alleged fraudulent acts by these witnesses … [are] highly relevant to their
21  credibility …" *Id*.  Plaintiffs state they must, at minimum, be allowed to impeach these witnesses
22  with Sage's accusations.  *Id*.  Plaintiffs contend this would be done "without mentioning … the Sage
23  [l]awsuit is … asserted against Ahmad and RDC …."

24         Finally, the Court notes Plaintiffs do not respond to Defendants' FRE 404(b) argument, but
25  say the Sage lawsuit is the only document arising in that proceeding listed as an exhibit. *Id*. at 9.
26  Any other exhibits such as interrogatory responses are reserved for impeachment.  *Id*.

27

28

## II.      Discussion

The Court finds Plaintiff's Exhibit 291—the Second Amended Complaint filed by Sage against RDC and others (the "Sage SAC")—is not admissible unless for impeachment purposes or, potentially, to refresh a recollection, or demonstrate an admission by a party or testifying witness under FRE 801(d)(1) or (2).  Interrogatory responses or other statements by witnesses given in the course of discovery conducted in the Sage lawsuit *may* also qualify for impeachment purposes, recollection refreshment, or under FRE 801(d).

Regarding FRE 404(b)(1), this Rule states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, evidence under FRE 404(b) "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  FRE 404(b)(2).  *See also United States v. Lynn*, 856 F.2d 430, 435 n.11 (1st Cir. 1988) (noting that the "laundry list of admissible purposes for evidence of prior bad acts" contained in Rule 404(b)(2) "is not exhaustive."). Nonetheless, "[c]ourts should be sensitive that 'there is always some danger that the jury will use [Rule 404(b) other act] evidence not on the narrow point for which it is offered but rather to infer that [a party] has a' certain propensity, particularly where the evidence is 'explosive.'"  *Jordan v. Labombarde*, Case No. 2:17-cv-00025-JHR, 2021 WL 2813609, at *1 (D. Me. July 4, 2021) (quoting *United States v. Gilbert*, 229 F.3d 15, 25 (1st Cir. 2000) (citation and internal quotation marks omitted)).

Here, the Court finds the introduction of the Sage SAC itself would portend propensity (or proclivity[1]) in violation of FRE 404(b).  The Court further finds real potential to confuse the jury as the unadmitted allegations are quite serious and remain unproven.  These concerns further support the conclusion that the SAC itself is far more prejudicial than it is probative of potential wrongdoing as alleged by Plaintiffs against Defendants in this case.  Thus, FRE 403 will substantially limit the introduction of the Sage SAC as an exhibit unless for impeachment or under FRE 801(d).

---

[1]      *See Proclivity Definition & Meaning - Merriam-Webster* defining proclivity as "an inclination or predisposition toward something."  Last visited on October 11, 2024.

With respect to actual admissions made in a filed response to the Sage SAC, interrogatory responses, or other writings or testimony during the course of discovery or hearings in the Sage lawsuit, that evidence may also be introduced for impeachment purposes and under FRE 801. This evidence could also more easily meet compliance with FRE 404(b).

These same holdings apply to testimony that may be offered on examination or elicited through cross examination related to allegations in the Sage lawsuit. The proper foundation must be laid, and any questions asked cannot be in a form such as: "Isn't it true Sage is suing you for …?" or "Isn't it correct that you are accused of …?" as these inquires do not depend on facts but rely on unproven allegations that are highly prejudicial. Instead, any testimony or inquiry must be to impeach, refer to admissions, or overlap with facts alleged in the instant matter that satisfy the Federal Rules of Evidence applicable to the same.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion in Limine No. 6: To Preclude Evidence and Testimony Regarding the Sage Litigation (ECF No. 286) is GRANTED in part and DENIED in part consistent with the contents of this Order.

Dated this 15th day of October, 2024.


ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE