UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KORY RAZAGHI, an individual;
ATTENTUS LLC, a Nevada limited
liability company,

    Plaintiffs,

  v.

AHMAD RAZAGHI, an individual;
MANUEL MORGAN, an individual; and
RAZAGHI DEVELOPMENT COMPANY,
LLC, an Arizona limited liability company,

    Defendants.

Case No. 2:18-cv-01622-EJY

**ORDER**

  Pending before the Court is Plaintiffs' Motion in Limine No. 1 to Admit Various Proposed Trial Exhibits.  ECF No. 264.  Also resolved in this Order are Defendants' Motions in Limine Nos. 5 and 9 (ECF Nos. 285 and 290).

  Motions in Limine are a well-recognized judicial practice authorized under case law.  *Ohler v. United States*, 529 U.S. 753, 758 (2000). The Court's power to rule on motions in limine arises from "the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Regardless of its initial decision on a motion in limine, the Court may revisit the issue at trial.  Fed. R. Evid. 103, Advisory Committee's Note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").  "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court."  *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41-42).

**I.      Plaintiffs' Request to Admit Exhibits 1, 2, 5, 11-15, 20, 28, 39, 45, 274-79, 294, and 295**.

Plaintiffs first seek an order admitting their exhibits 1, 2, 5, 11-15, 20, 28, 39, 45, 274-79, 294, and 295.  Some of these exhibits may qualify as business or public records under Federal Rules of Evidence ("FRE") 803-6, 803-8.  Some may qualify as non-hearsay under FRE 801.  One document is a Temporary Restraining Order ("TRO") issued in another proceeding.  Exhibit 295.  With the exception of the TRO, which the Court discusses below, the Court finds the arguments and information available insufficient to establish for what specific purpose each exhibit may ultimately be offered, whether that purpose will prove to be an admissible purpose, and whether the prejudice or other FRE 403 basis may support denying the request to admit the exhibit.  Therefore, the Court denies, without prejudice, Plaintiffs' Motion in Limine No. 1 seeking to admit their exhibits 1, 2, 5, 11-15, 20, 28, 39, 45, 274-79, and 294.

With respect to exhibit 295, the Court finds the fact of the TRO, standing alone, is not relevant to issues in this dispute.  However, with appropriate testimony offering evidence admissible under FRE 404(b), Plaintiffs may be able to demonstrate the TRO and its contents is offered for a purpose not precluded by the Rules of Evidence.  Plaintiffs are cautioned that this is a close call and the Court is concerned that any discussion of the TRO may prove more prejudicial than probative.

**II.      Plaintiffs' Request to Admit Exhibits 33, 64, 67-255, 282, 283, 292, and 296**.

The Court first finds a number of these exhibits were not submitted to the Court precluding a review of the contents (*see e.g.* Ex. 75, 78-80, 101-108, 122, 151).  Some exhibits appear to have miscellaneous attachments that do not, on their face or through the Certificate of Authenticity provided by Sage Memorial Hospital ("Sage"), establish these attachments were part of the original document as produced (*see e.g.* Ex. 33, 76, 78).  For this reason, such exhibits cannot be ruled upon prior to being offered at trial with proper foundation.

The above said, the Court confirms Defendants withdrew their objection to authenticity of exhibit 282 and all invoices produced by Razaghi Development Company ("RDC").  ECF No. 309 at 32 n.118; *Maljack Prod., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996).  The Court further finds that to the extent Sage produced financial records arising from or relating to services performed under the contract between M. Morgan & Associates ("MMA") and

Sage, and those performed under the contract between RDC and Sage, these stand-alone documents (documents without handwritten notations or attachments) are admissible under FRE 803(6) and 902(11).  To the extent these documents incorporate records received from RDC they are also admissible.  *Fambrough v. Wal-Mart Stores, Inc.*, 611 Fed.Appx. 322, 329 (6th Cir. 2015) (when a business incorporates records it did not create, such documents are admissible under FRE 803(6) "based upon the foundation testimony of a witness with first-hand knowledge of the record keeping procedures of the incorporating business, even though the business did not actually prepare the document.").  To this end, the Court finds the Certificate of Authenticity (ECF No. 269-1 at 2) provided by Sage and offered by Plaintiffs substantially complies with 28 U.S.C. § 1746(1).[1]  *Bailey v. Specialized Loan Servicing*, Case No. EDCV 14-01586-JGB (KKx), 2015 WL 12698450, at **3-4 (C.D. Cal. Oct. 29, 2015).  These financial records otherwise provide sufficient reliability to find such exhibits admissible under FRE 807.

Regarding the admissibility of financial records produced by Sage with handwritten notations, the Court finds a proper foundation must be laid to establish such notations as qualifying under FRE 803(6).  Further, as stated, it is unclear what, if any, of the financial records produced by Sage included attachments currently offered by Plaintiffs.  In the absence of a proffer establishing that (1) the handwritten notations are standard practice and or policy, made "at or near the time by—or from information transmitted by—someone with knowledge" and or (2) the attachments to records presented by Plaintiffs are, in fact, exact duplicates of Sage's admissible business records, the Court cannot grant blanket admission of such exhibits.

---

[1]     Defendants nit-pick the language in the Certificate of Authenticity including the title of the document and the location of the statement regarding penalty of perjury.  ECF No. 309 at 32.  The Court finds these arguments unpersuasive.  Defendants cite no case law that supports their attacks on the signed document.  In contrast "Section 1746 allows unsworn declarations to be treated with "like force and effect" as sworn declarations so long as the writing, if executed in the United States, substantially complies with the following language: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature).'"  28 U.S.C. § 1746(1)."  *Buckheit v. Dennis*, Case No. 3:09-cv-05000-JCS, 2013 WL 427122, at *1 (N.D. Cal. Feb. 4, 2013), *rev'd on other grounds by Buckheit v. Dennis*, 573 Fed.Appx. 662 (9th Cir. 2014).  The purpose of this affirmation is to be certain that "the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies."  *United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004).  While the Court agrees that the Certificate is not the model of a declaration or affidavit under the statute, Mr. Katigbak substantially complied with the statute by signing the document in Henderson, Nevada, stating that he was attesting "under penalties of perjury," the documents provided were "true duplicate[s] of the original record[s]" kept by Sage, and that he is the custodian of records for Sage.  ECF No. 269-1 at 2.  These statements evidence that Mr. Katigbak understood the legal significance of his statements and that there was possible punishment if he was untruthful.

1    Regarding Defendants' argument that the financial records lack relevance, the Court finds to

2    the contrary.  The invoices produced by RDC and Sage are evidence the tendency of which makes

3    facts at issue—the scope of work performed and damages suffered—"more or less probable than it

4    would be without the evidence."  FRE 401.  Defendants also object to the admissibility of these

5    documents claiming they will mislead the jury or be unfairly prejudicial.  ECF No. 309 at 10.

6    Defendants focus solely on anticipated lay witness testimony by Kory Razaghi.

7    As presently argued, Defendants present insufficient evidence to preclude these documents

8    based on a weighing of considerations under FRE 403 and future testimony.  The content of the

9    invoices themselves, without handwritten additions, are not speculative.  Whether Kory Razaghi can

10   lay the proper foundation for his interpretation of the invoices, using his historic knowledge,

11   experience, common sense, and intuition, is left to trial.  FRE 701.  3 Mueller & Kirkpatrick, § 7:1

12   (the lay opinion standard allows for consideration of the situations and invite opinions or inferences

13   "that calls for the exercise of discretion by the trial judge."); *Idaho Golf Partners, Inc. v. TimberStone*

14   *Management, LLC*, Case No. 1:14-cv-00233-BLW, 2016 WL 5340302 (D. Idaho Sept. 21, 2016)

15   ("The admissibility of lay opinion testimony of the type described by Plaintiff must be decided under

16   the particular facts and circumstances.").  Ultimately, the issue may be the weight of the evidence

17   and not admissibility.

18   Based on the foregoing, Plaintiffs' Motion in Limine is granted in part and denied without

19   prejudice in part as to exhibits 33, 64, 67-225, 282, 283, 292, and 296.

20   **III.   Plaintiffs' Request to Admit Exhibits 23 and 282**.

21   There is no dispute that Defendants produced these exhibits during discovery.  *See* ECF No.

22   246-3 at 6, 11, identifying exhibits 23 and 282 with RDC Bates numbers and as exhibits Ahmad

23   Razaghi is likely to offer at trial.  Given that Defendants list these exhibits as ones they are likely to

24   admit and the undisputed fact that the documents were produced by RDC, the Court finds no error

25   in admitting these exhibits.  *Anand v. BP West Coast Products LLC*, 484 F.Supp.2d 1086, 1092 n.11

26   (C.D. Cal. 2007).  The Court grants Plaintiffs' Motion in Limine and admits exhibits 23 and 282.

27

28

IV.     **Plaintiffs' Request to Admit Exhibits 57-62**

Each of these exhibits is an audited annual financial statement prepared for Sage pertaining to apparent fiscal years 2010-2011 through 2016-2017.  Audited financial statements are generally accepted as business records when not prompted by a unique or specific request as opposed to conducted as part of ongoing business operations.  *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1257 n.3 (9th Cir. 1984) ("Although a financial statement audit is based in part on hearsay, it is generally admissible as a business record of the audited entity under Fed. R. Evid. 803(6)") *distinguishing Federal Trade Commission v. AMG Services, Inc.*, 558 F.Supp.3d 946, 958 (D. Nev. 2021) ("In *Paddack*, the subject documents were special audit reports prepared in anticipation of litigation, not restated quarterly and annual reports or corresponding auditor's work product prepared in the ordinary course of business.").[2]  The Court finds the exhibits relevant to the issues presented in this case, probative of the scope of work performed by Ahmad Razaghi, and probative of the amounts paid for such work.

Though the reports were prepared by a third party, the Ninth Circuit holds that documents "kept in the regular course of business, but not made by the business, can still qualify as a business record of the enterprise if there is testimony that the document was kept in the regular course of business and the business regularly relied on the document."  *Hudson v. Martingale Invs., LLC (In re Hudson)*, 504 B.R. 569 (B.A.P. 9th Cir. 2014).  Here, the reports were conducted annually as part of a statutorily mandated procedure under ARS 36-125.04.  Because these reports were maintained, submitted, and relied upon by Sage on a consistent basis to satisfy a condition of doing business, the Court finds that they meet the requirements of FRE 803(6).

Defendants point out that the reports and affidavit authenticating them were obtained from the website of the Arizona Department of Health Services ("AZDHS"), a public agency, and argues that they therefore cannot qualify as a private business record under FRE 803(6).  ECF No. 309 at 39-40.  While this may be true, these reports represent classic examples of hearsay-within-hearsay statements, which is admissible under FRE 805 so long as "each part of the combined statements conforms with an exception to the rule."  Fed. R. Evid. 805.  The affidavit provided as Exhibit 271

---

[2]     The Court finds Plaintiffs have not established these exhibits are public records under FRE 803(8).

states that the reports located at the specified URL contain information gathered as part of the affiant's official duties as chief of AZDHS's Bureau of Public Health Statistics.  ECF No. 269-1 at 4.  The reports, as maintained on the Department's website, are public records under FRE 803(8).  In turn, the underlying content of those reports as submitted by Sage are business records under FRE 803(6).  Subject to further objections by Defendants at the time of trial, the Court finds exhibits 57-62 are admissible.

**V.      Plaintiffs' Request to Admit Exhibits 42-44 and 265-269**.

Plaintiffs seek admission of bank records of accounts "controlled by Ahmad" Razaghi "personally or Strategic Healthcare Investments" an entity alleged to be controlled by Ahmad Razaghi for the purpose of detailing "transactions and patterns" that suggest Ahmad Razaghi used the accounts "interchangeably as extensions of his personal bank accounts."  ECF No. 264 at 43.  Plaintiffs say that when the Court ruled on summary judgment the then-presiding District Judge considered this evidence "sufficient to create a genuine issue of fact for trial."  Specifically, the Order states: "Plaintiffs have produced exhibits demonstrating that, 'over the span of five years, Ahmad has made a habit of transferring enormous amounts of funds between his RDC accounts, his personal accounts, accounts of his family, and accounts of his other entities of which he is the sole member."  ECF No. 230 at 20 *citing* ECF No. 211 at 45:4-6.  On this basis the Court found a question of material fact regarding Plaintiffs' claim in the Fourth Amended Complaint in which they allege RDC and Ahmad Razaghi's are alter egos.  *Id*. at 19.

Defendants argue that Plaintiffs cannot proceed to trial on unpleaded alter ego theories as to non-parties to the instant lawsuit.  ECF No. 290 at 16.  Defendants cite case law stating evidence is not admissible pertaining to dismissed claims.  *Id*. at n.100.  Defendants also cite to Kory Razaghi's deposition testimony, which the Court finds does not reflect the summary Defendants offer—that Plaintiffs knew their alter ego claim pertained only to the named Defendants.  *Id*. at 16 n.101.  Defendants then conclude the evidence is "irrelevant and inadmissible."  *Id*. at 16.

Plaintiffs' deposition testimony, found at ECF No. 200-1 at 140-142, asks what evidence there is supporting the conclusion that RDC and Ahmad Razaghi are alter egos.  There are no questions posed on these pages pertaining to any other entities owned or controlled by Ahmad

Razaghi.  Defendants' interpretation of Kory Razaghi's testimony overreaches.  Further, Plaintiffs do not seek to amend their pleadings to add new defendants to an alter ego claim.  Rather, Plaintiffs seeks to use bank records pertaining to non-entities as evidence of Ahmad Razaghi's use of company accounts as personal accounts.

Finally, Defendants' objection is one based solely on relevance.  ECF No. 290 at 16-17. Relevance, as stated above, permits the admission of evidence (otherwise not violative of federal evidentiary rules) if the evidence will make any fact of consequence "more or less probable than it would be without the evidence."  FRE 401.  Here, Ahmad Razaghi had a close relationship with accounts belonging to RDC as well as personal accounts, family member accounts, and accounts of other entities of which Ahmad Razaghi was the sole member through which transfers of large transactions were made.  How and when money moved between accounts controlled by Ahmad Razaghi and or RDC is relevant to whether Ahmad Razaghi and RDC are alter egos.

Accordingly, Defendants' Motion in Limine No. 9—Limiting Plaintiffs' Alter Ego Claim to Defendants (ECF No. 290) is denied.  Plaintiffs' Motion in Limine seeking a determination that exhibits 42-44 and 265-269 are admissible is granted subject to Defendants' right to offer additional objections at trial.

## VI.     Plaintiffs' Request to Admit Exhibits 14-16, 20, 28, 39, 44, and 272-279.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party that "fails to provide information … as required by Rule 26(a) or (e) … is not allowed to use that information … to supply evidence on a motion, at a hearing or at trial unless the failure was substantially justified or is harmless."  Importantly, "[e]ven if the failure was not substantially justified, a party should be allowed to use the material that was not disclosed if the lack of earlier notice was harmless.'" *Wesbild Shopping Centers, Inc. v. Lewis*, Case No. C005446FDB, 2001 WL 36101297, at *1 (W.D. Wash. June 22, 2001) *quoting* Fed. R. Civ. P. 37, Advisory Committee Notes, (2000 Amendment). While Plaintiffs acknowledge these exhibits were disclosed outside the discovery period, Plaintiffs argue harmlessness.  Defendants argue all the documents at issue were created between 2006 and April 2015, and "nearly all of the documents were publicly available" to Plaintiffs (ECF No. 285 at 14).  This means, therefore, they were also publicly available to Defendants.

There is no dispute that discovery closed on October 31, 2022 (ECF No. 196)[3] and the documents were disclosed by Plaintiffs on February 1, 2024.  ECF No. 264 at 44; ECF No. 285 at 14.  While this disclosure was obviously late, Plaintiffs argue this was nine months before trial and "Defendants were aware of (and in many cases[] themselves created) the documents …."  ECF No. 264 at 44.  The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. Aug. 8, 2001).  The following factors are used to guide the court's discretion: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions.'"  *Macias v. Perez*, Civil No. 10cv973-MMA(BGS), 2011 WL 13239538, at *1 (S. D. Cal. Sept. 2, 2011) *quoting Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

The first factor plays no role in the Court's decision as the litigation was not delayed nor the timeline for trial apparently altered by virtue of the late disclosure.  The same analysis applies to the Court's management of its docket as the trial is proceeding as expeditiously as possible and the late disclosure did not change this trajectory.  The public policy favoring disposition of cases on their merits is only enhanced by the disclosures, and sanctions—exclusions of these exhibits without consideration of their admissibility—is counter to a merits-based decision.  The question comes down to prejudice.

Defendants filed a Motion for Summary Judgment on November 30, 2022.  ECF No. 197.  The Court issued its decision on September 30, 2023.  ECF No. 230.  The due date for the submission of the Joint Pretrial Order was thereafter extended by stipulation of the parties three times (ECF Nos. 234, 236, 238).  A proposed Joint Pretrial Order was submitted on January 24, 2024 (ECF No. 240), but the Amended Joint Pretrial Order was not filed until March 15, 2024—after disclosure of the exhibits at issue.  ECF No. 246.  Defendants did not seek to reopen discovery.  Other than arguing the documents were publicly available, Defendants contend they were denied the opportunity to conduct discovery pertaining to the documents and facts contained within them.  ECF No. 285 at 15.

---

[3] Defendants appear to mistakenly claim discovery closed on September 29, 2022.  ECF No. 285 at 14.

Defendants say had the disclosures been timely made, they would have "had the opportunity to change their discovery (pre-trial and trial) strategies …." *Id*. at 16.  Defendants offer no specific argument regarding what would have changed.

The Court finds the general assertions of harm relating to discovery are so broad and without support that a finding of prejudice is not warranted.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.").  *See also Alliance Commc'ns Techs., Inc. v. AT&T Corp.*, 245 Fed.Appx. 583, 585 (9th Cir. 2007) (district court did not abuse discretion in finding harmlessness where opposing party had many months to review the challenged information before trial).  For this reason, Plaintiffs' Motion seeking admission of these exhibits and Defendants' Motion in Limine seeking to exclude these exhibits (ECF No. 285, MIL No. 5) are denied without prejudice subject to renewal of admission and objection to the same on a case by case basis.

**VII.   Order**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion in Limine No. 1—to Admit Various Proposed Trial Exhibits (ECF No. 264) is GRANTED in part and DENIED in part as stated above.

IT IS FURTHER ORDERED that Defendants' Motions in Limine No. 5 to Exclude Untimely Disclosed Documents From Use for Any Purpose at Trial (ECF No. 285) and No. 9 asking for an order Limiting Plaintiffs' Alter Ego Claim to Defendants (ECF No. 290) are DENIED.

Dated this 15th day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE